IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00243-GPG

JESSE LYNCH,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER

    This matter is before the court on the letter (ECF No. 23) in which Applicant, Jesse Lynch, states he no longer wants to pursue this action. The letter has been docketed as a motion to dismiss. The court must construe the motion to dismiss liberally because Mr. Lynch is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

    Mr. Lynch is a prisoner in the custody of the Colorado Department of Corrections. The operative pleading in this action is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) in which Mr. Lynch asserts one claim challenging the validity of his criminal conviction. On April 28, 2015, the court ordered Respondent to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Mr. Lynch was advised that he may file a

reply to the Pre-Answer Response within twenty-one days after the Pre-Answer Response is filed. On May 27, 2015, Respondent filed a Pre-Answer Response (ECF No. 18) arguing that the application is untimely and that Mr. Lynch's claim is unexhausted and procedurally defaulted. Mr. Lynch has not filed a reply that addresses the affirmative defenses raised in the Pre-Answer Response although he has been granted two extensions of time to do so. Instead, he seeks dismissal of this action, apparently without prejudice.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Lynch "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The motion to dismiss is not signed by Respondent. Furthermore, Respondent has filed a Pre-Answer Response raising affirmative defenses. Therefore, Mr. Lynch may not dismiss the action without court order under Rule 41(a)(1)(A).

The court also finds that dismissal without prejudice is not proper under Rule 41(a)(2) because the affirmative defenses raised by Respondent could result in a dismissal with prejudice. Therefore, the motion to dismiss will be denied. If Mr. Lynch does not intend to pursue his claim in this action, he must either file a stipulation of dismissal signed by all parties or clarify that he seeks dismissal with prejudice. Mr. Lynch is advised that dismissal of this action with prejudice will prevent him from challenging his conviction in a second or successive application except as provided in

28 U.S.C. § 2244(b).  In the event Mr. Lynch opts to pursue his claim in this action, he will be given one more opportunity to file a reply that addresses the affirmative defenses raised by Respondent in the Pre-Answer Response.  If Mr. Lynch does not file a reply within the time allowed, the Court will proceed to consider the affirmative defenses raised by Respondent.  Accordingly, it is

ORDERED that the liberally construed motion to dismiss (ECF No. 23) is denied. It is

FURTHER ORDERED that Applicant shall have up to and including **August 21, 2015**, to file a reply to the Pre-Answer Response.

DATED July 30, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge