IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00243-GPG

JESSE LYNCH,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Jesse Lynch, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Lynch has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) challenging the validity of his conviction and sentence in Denver District Court case number 08CR1851.

    On April 28, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses in this action. On May 27, 2015, Respondent filed a Pre-Answer Response (ECF No. 18) arguing that the application is untimely and that Mr. Lynch's claim is unexhausted and procedurally barred. Mr. Lynch has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

    The Court must construe the application liberally because Mr. Lynch is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lynch was convicted by a jury of attempted second degree murder and two counts of first degree assault. According to the Colorado Court of Appeals, the prosecution's evidence at Mr. Lynch's trial showed the following:

> In May 2008, Lynch and a group of people approached R.S. and his parents at a Denver bus stop. The group was shouting a call common to the Bloods gang. Lynch began taunting R.S. After R.S. and his parents boarded an arriving bus, Lynch boarded and yelled at R.S. to "bring it off the bus." Lynch exited the bus, but continued provoking R.S. from outside.
>
> R.S. then exited the bus, threw down his coat, and squared up to fist-fight Lynch. Lynch took out a handgun and shot R.S. five to six times. While pulling his son back on the bus, R.S.'s father was shot in the hand. Lynch fled.

*People v. Lynch*, No. 09CA2676 (Colo. App. Aug. 2, 2012) (ECF No. 18-2 at 2). The Colorado Court of Appeals affirmed the convictions on direct appeal. *See id.* On February 11, 2013, the Colorado Supreme Court denied Mr. Lynch's petition for writ of certiorari on direct appeal. (*See* ECF No. 18-7.)

On April 1, 2013, Mr. Lynch filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 18-1 at 7.) The trial court denied the Rule 35(c) motion on July 3, 2013, and Mr. Lynch did not appeal. (*See id.*)

On June 18, 2013, Mr. Lynch filed in the trial court a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. (*See id.*)  The trial court denied the Rule 35(b) motion on July 19, 2013, and Mr. Lynch did not appeal.  (*See id.*)

On November 20, 2014, Mr. Lynch filed in the trial court a letter regarding the filing of a Rule 35(c) motion.  (*See id.*)  On January 6, 2015, the trial court entered an order denying the letter as moot because Mr. Lynch previously filed a Rule 35(c) motion.  (*See id.* at 6-7.)

Mr. Lynch initiated this action on February 4, 2015, and the application was filed on March 2, 2015.  He asserts one claim for relief contending he was denied a fair trial by an unbiased jury.  Mr. Lynch explains his claim as follows:

> One of the jurors who sat on the jury and eventually convicted me did not make known the fact that she had a previous relationship with me.  She admitted that she worked directly across the street from where the incident occurred.  She failed to mention that I was a frequent customer to her establishment, Wells Fargo Bank, where she was a teller.  On several occasions, I went directly to her window to cash paychecks and conduct other financial business.
>
> The juror[']s previous interactions with me could have been a determining factor in her decision to convict.  Although it is not known, the inherent risk is enough to void her as an extremely risky and potentially biased juror.
>
> I believe my right to a fair trial by an unbiased jury was violated by the juror[']s failure to reveal all of the facts and the court[']s failure to investigate her further.  During questioning, the juror divulged that she worked close to the scene of the crime and recognized a few familiar faces in the courtroom from that area.  I would like to make it known that the courtroom was filled with members of my family.

(ECF No. 5 at 5-6.)

## II. ONE-YEAR LIMITATION PERIOD

Respondent first argues that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court initially determines the date on which the challenged conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).

In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Lynch had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on February 11, 2013, but he did not do so.  Therefore, Mr. Lynch's conviction became final when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.  Because the ninetieth day after February 11, 2013, was Sunday, May 12, 2013, the filing deadline extended one additional day until Monday, May 13, 2013.  *See* Sup. Ct. R. 30.1.

Mr. Lynch does not argue that he was prevented by unconstitutional state action from filing this action sooner and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B) & (C).  He does assert that "he just discovered fully[] the information about a previous relationship with the juror" (ECF No. 5 at 5), an assertion that may be relevant to § 2244(d)(1)(D).  However, the Court is not persuaded that Mr. Lynch could not have discovered the factual predicate for his claim before his conviction became final because he concedes the juror admitted during voir dire that she worked as a bank teller close to the scene of the crime and that she recognized a few familiar faces in the courtroom.  Mr. Lynch also acknowledges that he was a frequent customer at the bank and on several occasions had gone directly to the juror's window to cash paychecks and conduct other financial business.  Therefore, the

Court finds that the one-year limitation period began to run when Mr Lynch's conviction became final on May 13, 2013.

Mr. Lynch did not initiate this action within one year after May 13, 2013. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

6

during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

As noted above, Mr. Lynch filed a postconviction Rule 35(c) motion on April 1, 2013, which was before the one-year limitation period even began to run, and he filed a postconviction Rule 35(b) motion on June 18, 2013, while the Rule 35(c) motion still was pending. Respondent concedes the one-year limitation period was tolled pursuant to § 2244(d)(2) while these motions were pending and that the motions remained pending for the purposes of § 2244(d)(2) until the time expired to file an appeal from the denials of those motions. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Lynch had forty-nine days to file a notice of appeal after the trial court denied the postconviction motions. Thus, the Rule 35(c) motion, which was denied on July 3, 2013, remained pending until August 21, 2013, and the Rule 35(b) motion, which was

7

denied on July 19, 2013, remained pending until September 6, 2013.

Based on these dates, the one-year limitation period was tolled pursuant to § 2244(d)(2) from May 13, 2013, until September 6, 2013. As a result of this tolling, Mr. Lynch still had a full year remaining to file a federal habeas corpus action after September 6, 2013. However, Mr. Lynch did not file any other state court postconviction motions that could have tolled the one-year limitation period. Therefore, the one-year limitation period ran unabated after September 6, 2013, until it expired in September 2014.

As noted above, Mr. Lynch did file a letter on November 20, 2014, regarding the filing of a Rule 35(c) motion. (*See* ECF No. 18-1 at 7.) However, even assuming the letter qualified as an application for postconviction review under § 2244(d)(2), the letter still would not toll the one-year limitation period because the letter was filed after the one-year limitation period already had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that this action is barred by the one-year limitation period in the absence of some other reason that justifies tolling.

With respect to equitable tolling, Mr. Lynch fails to identify any extraordinary circumstance that prevented him from filing in a timely manner or that he pursued his claims diligently. As a result, there is no basis for equitable tolling of the one-year limitation period and the instant action will be dismissed as untimely.

### III. EXHAUSTION OF STATE REMEDIES AND PROCEDURAL DEFAULT

Respondent also contends the action should be dismissed because Mr. Lynch's

claim is unexhausted and procedurally barred.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  Dever, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  Picard v. Connor, 404 U.S. 270, 278 (1971); see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," Picard, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all

9

available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent maintains that Mr. Lynch failed to exhaust state remedies for his claim because the claim was not raised on direct appeal and, even assuming the claim was raised in state court postconviction proceedings, Mr. Lynch's failure to appeal from the denial of his postconviction motions means he could not have fairly presented any claim to the state's highest court in the postconviction proceedings.  The Court has examined Mr. Lynch's direct appeal briefs and agrees with Respondent that Mr. Lynch did not fairly present to the state courts on direct appeal the federal constitutional claim raised in the application.  Furthermore, Respondent is correct that Mr. Lynch did not fairly present any claims to the state's highest court in postconviction proceedings.  Therefore, Mr. Lynch has not exhausted state remedies for the federal constitutional claim he asserts in this action.

Although Mr. Lynch has not fairly presented his federal constitutional claim to the state courts, the Court may not dismiss the application for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351.  Respondent contends, and the Court agrees, that Mr. Lynch no longer has an adequate and effective state remedy available to him and that the unexhausted claim is procedurally defaulted because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides, with limited exceptions not applicable to Mr. Lynch, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding.  Because Mr. Lynch could have raised his constitutional claim on direct appeal, it is clear that he may not return to state court

10

to pursue that claim in a successive postconviction proceeding.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Lynch's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Lynch fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not independent and adequate. In any event, the Court finds that Rules 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010)

(applying Crim P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding).  Therefore, the unexhausted claim is procedurally defaulted and cannot be considered unless Mr. Lynch demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Lynch must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Lynch can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.

Mr. Lynch makes no attempt to demonstrate cause and prejudice with respect to his unexhausted claim and he fails to demonstrate that a failure to consider the merits of that claim will result in a fundamental miscarriage of justice.  Therefore, the unexhausted claim is procedurally barred and also will be dismissed for that reason.

### IV.  CONCLUSION

In summary, the action will be dismissed because the application is barred by the one-year limitation period and because the claim Mr. Lynch asserts is unexhausted and procedurally barred.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) is denied and the action is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __28th__ day of __August__, 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court